# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| AUSTIN WILLIAMS, JR., | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:16-cv-00638-WTL-DKL |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). For the reasons explained in this Entry, the motion of Austin Williams, Jr., for relief pursuant to 28 U.S.C. § 2255 must be denied and this action dismissed with prejudice.

In addition, the Court finds that a certificate of appealability should not issue.

## I. Background

On October 23, 2013, Williams was charged in an eight-count Indictment in the Southern District of Indiana. Crim. Docket No. 14. Counts 1 through 3 charged Williams with sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a). Counts 4 and 5 charged Williams with enticing a minor through internet communications, in violation of 18 U.S.C. § 2422(b). Counts 6 and 7 charged Williams with distribution of child pornography, in violation of 18 U.S.C. Id. § 2252(a)(2). Count 8 charged Williams with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

On April 25, 2014, Williams filed a Petition to Enter a Plea of Guilty. Crim. Docket No. 31. In the Petition, Williams represented to the Court that he received a copy of the Indictment, read and discussed it with his attorney, and understood the charges brought against him. He stated that his attorney had advised him of the punishment, and that he offered his plea of guilty freely and voluntarily and of his own accord. Petition, ¶¶ 3, 4, and 10.

On that same date, a Plea Agreement was filed pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B). Crim. Docket No. 32. The parties agreed that Williams would plead guilty to Counts 1 through 8 as charged in the Indictment. *Id.* The parties agreed that the final determination of William's sentence, including the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range would be made by the Court. *Id.* The government agreed that the Court should sentence Williams to a term of imprisonment between 15 and 50 years, followed by a term of supervised release of at least 10 years and up to life. In exchange for the concessions made by the United States, Williams agreed that in the event the Court accepted this Plea Agreement and imposed a sentence of no greater than 50 years, Williams would waive his right to appeal his conviction and sentence and to waive any collateral attack against his conviction and sentence. *Id.* The waiver did not encompass claims of ineffective assistance of counsel in the negotiation of the plea or plea agreement. *Id.*

On June 30, 2014, the Court held a change of plea hearing. Crim. Docket No. 37. Before the hearing, the parties filed a stipulated factual basis signed by all the parties, including Williams. Crim. Docket No. 30. During the change of plea hearing, the Court advised Williams of his rights and the possible penalties and accepted the parties' stipulated factual basis as an adequate basis for the plea. Crim. Docket No. 37. The Court found that Williams was fully competent and able to

enter an informed plea, and that the plea was made voluntarily and knowingly. *Id.* The Court reviewed the stipulated factual basis for the plea and found that the plea is supported by an independent basis in fact containing each of the essential elements of the offenses charged. *Id.* The Court then accepted Williams's guilty plea and adjudged him guilty of Counts 1 through 8 as charged in the Indictment. *Id. See also* dkt. 66 (Transcript of Guilty Plea Hearing).

On October 1, 2014, the Court held Williams's sentencing hearing. Crim. Docket No. 54; see also dkt. 71 (Transcript of Sentencing Hearing). Williams was sentenced to 336 months' imprisonment to be followed by a lifetime of supervised release. *Id.* Williams was also assessed the mandatory assessment of $800 and a fine in the amount of $1500. *Id.* The Court entered a judgment of conviction on October 3, 2014. Crim. Docket No. 55.

On October 14, 2014, Williams filed a notice of appeal. Crim. Docket No. 58. On March 23, 2015, Williams filed a motion to voluntarily dismiss his appeal and on March 24, 2015, the Seventh Circuit ordered the dismissal of his appeal.

On March 21, 2016, Williams filed this motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Williams' motion seeks a sentence reduction and asserts four grounds for relief. The United States responded and Williams did not file a reply.

## II. Discussion

Williams filed this § 2255 motion seeking a sentence reduction. He asserts that his counsel was ineffective because she failed to adequately represent him. His assertions in this regard are general and vague. *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) ("We have made clear in the past that it is not the obligation of this court to research and construct legal arguments open to parties . . . and we have warned that perfunctory and undeveloped arguments, and arguments that

are unsupported by pertinent authority, are waived.") (internal quotation marks and alterations omitted).

Specifically, Williams' motion provides:

**GROUND ONE:** Insufficent counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Gwen Beitz as my attorney was not in my favor. No motions were filed that I'd ask to be filed. Gwen Beitz was difficult for me to get in contact with, doing so it was difficult for me to know what was going on with my case, defining my case, and charges. I personally had to write the court to see my discovery for the simple fact my attorney wasn't doing her job to help in my favor for my case. I request my mandatory minimum sentence.

In addition to these vague assertions that more should have been done on his behalf, Williams's claims revolve around the fact that he is unhappy with his sentence. He claims he should have received the mandatory minimum sentence; his sentence was cruel and unusual punishment based on his age (22) at the time of conviction and because it was his first felony. Williams's final claim for relief is that there is no physical evidence to convict him of Count 4.

The United States argues that Williams's § 2255 motion should be dismissed with prejudice because it is barred by the waiver of post-conviction relief rights set forth in the plea agreement. The United States is correct. The Plea Agreement entered into between defendant Williams and the United States in Case No. 1:13-cr-226-WTL-DML-1 and accepted by the Court contains a provision whereby Williams expressly agreed not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in an action brought under 28 U.S.C. § 2255.

4

"In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). In this case, Williams is not challenging the voluntariness of the negotiation of the waiver in his plea agreement. Nor has Williams identified any basis upon which this Court could conclude that his acceptance of the waiver was tainted by ineffective assistance of counsel. There is no allegation or evidence that the waiver was not knowingly and voluntarily made.

The Seventh Circuit has recognized the validity of waivers such as that included in the Plea Agreement in this case. "A waiver of appeal [or of post-conviction relief rights] is valid, and must be enforced, unless the agreement in which it is contained is annulled." *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001). Accordingly, the waiver of the right to file a petition under § 2255 is enforceable.

In addition, Williams's claim that there was insufficient evidence to convict him of Count 4 is summarily rejected. Williams pled guilty and in doing so, accepted all the facts alleged in the Indictment. Further, Williams signed a stipulated factual basis admitting to the facts of this case that was filed with the Court and relied upon for this plea of guilty. Unfortunately for Williams, his guilty plea precludes his from "raising any question regarding the facts alleged in the indictment." *United States v. Walton*, 36 F.3d 32, 34 (7th Cir. 1994). Williams has "admitted all those facts and cannot undo his admission." *Id*. "Further, he has waived all non-jurisdictional challenges to his conviction." *Walton*, 36 F.3d at 34.

The motion for relief pursuant to § 2255 is therefore denied. Judgment consistent with this Entry shall now issue.

The **clerk is directed** to file a copy of this Entry in Case No. 1:13-cr-226-WTL-DML-1.

### III. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Williams has failed to show that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/17/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

AUSTIN WILLIAMS, JR.
11600-028
FCI HAZELTON
Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 5000
BRUCETON MILLS, WV 26525